**MORGAN, LEWIS & BOCKIUS LLP**
Harvey Bartle IV
502 Carnegie Center
Princeton, NJ 08540-6241
Tel: (609) 919-6685
harvey.bartle@morganlewis.com

Andrew J. Gallo*
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
andrew.gallo@morganlewis.com

Bryan M. Killian*
David B. Salmons**
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
bryan.killian@morganlewis.com
david.salmons@morganlewis.com

*Counsel to Appellant Peter Protopapas, in his capacity as Court-Appointed Receiver*


\* *Pro Hac Vice* Pending
\*\* *Pro Hac Vice* Forthcoming

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**
Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

**COOLEY LLP**
Cullen D. Speckhart*
Michael Klein**
Matthew L. Kutcher*
Evan M. Lazerowitz
Jeremiah P. Ledwidge**
Patrick J. Hayden**
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
cspeckhart@cooley.com
mklein@cooley.com
mkutcher@cooley.com
elazerowitz@cooley.com
jledwidge@cooley.com
phayden@cooley.com

**CAPLIN & DRYSDALE, CHARTERED**
Kevin C. Maclay**
Todd E. Phillips**
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel: (202) 862-5000
kmaclay@capdale.com
tphillips@capdale.com

*Co-Counsel to Appellant the Official Committee of Talc Claimants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>WHITTAKER, CLARK & DANIELS, INC.<br><br>PETER PROTOPAPAS and OFFICIAL COMMITTEE OF TALC CLAIMANTS,<br>                       Appellants.<br>v.<br>WHITTAKER, CLARK & DANIELS, INC.,<br>                       Appellee. | Chapter 11<br>Bankr. Case No. 23-13575 (MBK)<br><br>Civil Action No. 3:23-cv-04151-ZNQ |

**APPELLANTS' JOINT STATEMENT
OF ISSUES TO BE PRESENTED ON APPEAL**

Pursuant to Federal Rule of Appellate Procedure 6(b)(2)(B), Appellants the Official Committee of Talc Claimants (the "Committee") of Whittaker, Clark & Daniels, Inc. ("WCD") and its affiliated debtors and debtors-in-possession in the above-captioned bankruptcy case, and Peter Protopapas, in his capacity as court-appointed receiver for WCD (the "Receiver" and together with the Committee, the "Appellants"), hereby jointly submit this statement of issues to be presented on appeal in connection with its appeal from the *Order* [D.N.J. Case No. 23-cv-04151 (ZNQ), Docket No. 37], entered on May 31, 2024 (the "District Court Order"),[1]

---

[1] For purposes of this statement of issues, the District Court's *Opinion* [D.N.J. Case No. 23-cv-04151 (ZNQ), Docket No. 36] (the "District Court Opinion") and the Order memorializing the District Court Opinion are referred herein as the

2

by the United States District Court for the District of New Jersey (the "District Court"), affirming the *Order Denying Motion to Dismiss* [Bankr. D.N.J. Case No. 23-13575 (MBK), Docket No. 211], entered on June 20, 2023 (the "Bankruptcy Court Order"),[2] by the United States Bankruptcy Court for the District of New Jersey.

## ISSUES ON APPEAL FROM THE DISTRICT COURT'S AFFIRMANCE OF THE BANKRUPTCY COURT ORDER

1. Did the Bankruptcy Court err in holding that WCD's bankruptcy petition was duly authorized despite a state court receivership order that granted the exclusive authority to file bankruptcy to the Receiver appointed by a South Carolina court?

2. Did the Bankruptcy Court err by failing to recognize that the Receiver appointed by the South Carolina court had exclusive authority to file a bankruptcy petition on WCD's behalf?

---

"District Court Order" but citations to the District Court Opinion are noted as such.

[2] For purposes of this statement of issues, the Bankruptcy Court's *Letter Opinion Denying the Motion to Dismiss* [Bankr. D.N.J. Case No. 23-13575 (MBK), Docket No. 210] (the "Bankruptcy Court Opinion") and the Bankruptcy Court Order memorializing the Bankruptcy Court Opinion are referred to herein as "the Bankruptcy Court Order" but citations to the Bankruptcy Court Opinion are noted as such.

3

    a. Did the Bankruptcy Court err by failing to recognize that under state law the appointment of the Receiver in South Carolina divested WCD's board of directors of authority to take actions inconsistent with the powers granted to the Receiver?

    b. Did the Bankruptcy Court err by ignoring the State Court's stated understanding of the receivership order made on the record during a hearing?

    c. Did the Bankruptcy Court err by failing to interpret the receivership order in a manner consistent with the statements made on the record by the State Court Judge regarding the order's effect?

3. Does the *Rooker-Feldman* doctrine deprive a federal bankruptcy court of jurisdiction to review the validity of a state court receivership order that divested a corporate board of its authority to file a bankruptcy petition?

4. When, if ever, may a federal court make an exception to the rule that state law dictates who may authorize a bankruptcy petition on behalf of a corporate debtor and allow a bankruptcy filing by a person or entity who is not authorized under applicable state law to commence such a filing?

    a. Did the Bankruptcy Court err in holding that, assuming the Receiver has exclusive authority under state law to file for bankruptcy, it could recognize a bankruptcy petition filed by WCD's corporate board absent

    a finding that the Receiver is biased against a board's interests or otherwise derelict in its duties such that WCD lacked meaningful access to the bankruptcy system?

  b. Did the Bankruptcy Court err in holding that, assuming the Receiver has exclusive authority under state law to file for bankruptcy, it could overcome the presumed deferral to state law because the bankruptcy was related to asbestos, implicates 11 U.S.C. § 524(g), and there are future, unidentified claimants with considerable interests?

5. Did the District Court err in affirming the Bankruptcy Court Order denying the motion to dismiss the Chapter 11 bankruptcy filed by WCD?

Dated: July 15, 2024

*/s/ Harvey Bartle IV*
**MORGAN, LEWIS & BOCKIUS LLP**
Harvey Bartle IV
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6685
Email: harvey.bartle@morganlewis.com

Andrew J. Gallo*
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Bryan M. Killian*
David B. Salmons**
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541

5

Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

*Counsel to Appellant Peter Protopapas, in his capacity as Court-Appointed Receiver*


/s/ Arthur J. Abramowitz
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700

**COOLEY LLP**
Cullen D. Speckhart*
Michael Klein
Matthew L. Kutcher*
Evan M. Lazerowitz
Jeremiah P. Ledwidge**
Patrick J. Hayden**
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000

**CAPLIN & DRYSDALE, CHARTERED**
Kevin C. Maclay**
Todd E. Phillips**
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel: (202) 862-5000

*Counsel to Appellant*
*The Official Committee of Talc Claimants*

\* Admitted *Pro Hac Vice*
\*\* *Pro Hac Vice* Forthcoming

6